## LINDLEY v. LUPTON.

MORTGAGES—SETTLEMENT WITH AGENT.

A bill to foreclose a mortgage cannot be maintained, where
the authorized agent of the mortgagee delivered to the mort-
gagor, for a valuable consideration, the notes secured by the
mortgage, with the understanding that a settlement of the
mortgage was fully consummated, leaving nothing to be done
but the delivery of the discharge of the mortgage, although
the mortgagee thereafter attempted to repudiate the settle-
ment.

Appeal from Ogemaw; Sharpe, J. Submitted October
6, 1898. Decided November 9, 1898.

Bill by Robert T. Lindley against Levi R. Lupton and
others to foreclose a mortgage. From a decree dismissing
the bill, complainant appeals. Affirmed.

*F. L. Snodgrass*, for complainant.

*Ross & Harris* (*W. A. Weeks*, of counsel), for de-
fendants.

LONG, J. In February, 1895, the defendants made and
delivered to complainant their promissory note for $600,
due in two years from date. The payment of this note
was secured by mortgage executed by the defendants upon
the S. E. ¼ of S. E. ¼ of section 26, township 24 N., of range
3 E., and lots 1, 9, and 10, in block 9, of the village of
Lupton, all in Ogemaw county, this State. Two other
small loans were thereafter negotiated between the parties,
and secured by mortgage. The complainant lives in
Elizabethtown, Ind. This proceeding is brought to fore-
close the $600 mortgage. The defense interposed is a
claimed settlement and payment of the mortgages by deed
of certain property in Ogemaw county, executed by de-

fendants to complainant, and such deed accepted by the complainant by Mr. Snodgrass, his agent in this State, and a further payment of $100 in a draft. The court below found in favor of defendants' theory, that a settlement had been made, and dismissed the complainant's bill. Complainant appeals.

It appears that considerable correspondence passed between the parties in reference to a settlement of complainant's claims, and on May 4, 1897, defendants wrote complainant, offering to deed him the S. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 26, the village residence property, and pay $100 in cash, by way of settlement. On June 7th following, complainant wrote defendants that, if they would deed the house and lots in Lupton, the 40 acres of land, and pay $100 in cash, he would accept it. In answer to this the defendants wrote on June 8th, saying:

"Our proposition is exactly the same as yours, unless you mean to include the Laura Lupton lots in the village you hold security on for interest due last year. We did not mean to include them in our proposition. Please let us know if you did. * * * On reading your letter, I recalled the deeds out of the mail before they left town. I will deliver them and the money over to Mr. Snodgrass, or to M. H. French & Co. bank at West Branch, whichever you designate, in exchange for the notes and mortgage releases. Let me know which place you send them, and oblige."

It is the claim of defendants that, shortly after this letter, they received a card from the complainant, saying:

"I have asked Mr. Snodgrass to talk over your proposition to me with you. If you can trade with him, you can count the matter as satisfactorily settled with me. Hoping the matter will be amicably settled, I am," etc.

The time of receiving this card is in dispute between the parties, but we are satisfied that it was received after sending the above letter to the complainant.

It is further claimed by the defendants that, upon the receipt of this card, they arranged the matter with Mr. Snodgrass; that they made : id delivered the deeds of

property as requested, and that, upon such settlement, Mr. Snodgrass turned over all the notes accompanying the mortgages to them, and among which was the note accompanying the mortgage in controversy here; that, at the time the notes were so surrendered, Mr. Snodgrass, acting as agent and attorney for the complainant, agreed to procure the releases of the mortgages, and deliver them to defendants; and that, as a part of the consideration of the terms of settlement, they delivered to Mr. Snodgrass a draft for $100, payable to complainant. The complainant thereafter attempted to repudiate the settlement, and demanded the return of all the papers as they were originally. This defendants refused to comply with, and complainant commenced these proceedings for a foreclosure of the mortgage. There is no question upon this record but that these notes were delivered to the defendants by Mr. Snodgrass as the agent of complainant; and we think it is shown by a great preponderance of evidence that they were surrendered with the understanding that the settlement was fully consummated. Nothing was left to be done but the delivery of the discharges of the mortgages.

The decree of the court below must be affirmed.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. GRANT, C. J., did not sit.